**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>SHARRON CRABB,<br><br>Defendant-Appellant. | No. 16-10194<br><br>D.C. No. 2:12-cr-00321-GMN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Sharron Crabb appeals from the district court's judgment revoking

probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Crabb contends that the prosecution violated *Brady v. Maryland*, 373 U.S.

83 (1963), by failing to disclose a publicly available 2009 study regarding the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

possibility of false positive tests among persistent marijuana users. Because Crabb did not raise this claim in the district court, we review for plain error. *See United States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009).

Assuming without deciding that *Brady* applies in probation revocation proceedings, Crabb cannot establish plain error. The record reflects that Crabb accessed the study at issue on a public website. Therefore, she cannot show any suppression by the government. *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991). Even if Crabb could show that the report was suppressed, she has not shown that there was a reasonable probability of a different result if the report had been produced. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The record reflects that the district judge considered Crabb's arguments about the possible effect of her previous heavy marijuana use on her test results, and was persuaded that the report submitted by the government established Crabb's reuse of marijuana in violation of her conditions of probation.

**AFFIRMED.**